UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE
    Plaintiff,
v.

JOHNNY B'S REALTY, LLC, and
RUGO LLC,
    Defendants.
_____/

## FIRST AMENDED COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this First Amended Complaint against Defendants, Johnny B'S Realty, LLC and Rugo LLC (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** Plaintiff currently resides in the Bronx, New York.

**3.** Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, and is a qualified individual with disabilities under the ADA.

**4.** Plaintiff visited the property to enjoy the goods and services offered therein and encountered barriers to access. Plaintiff desires and intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

5. Defendant, JOHNNY B'S REALTY, LLC, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 555 City Island Ave., Bronx, NY 10464 where the restaurant known as PORTOFINO RESTAURANT is located (the "Facility").

6. Defendant, RUGO LLC, transacts business in the State of New York and within this judicial district. Defendant is the lessee of the Facility located at 555 City Island Ave., Bronx, NY 10464 and the owner and/or operator of a restaurant known as PORTOFINO RESTAURANT (the "Facility").

7. The Facility is a place of public accommodation under the ADA.

8. Plaintiff has suffered legal harm and injury in fact, as he visited the Facility to enjoy the goods and services provided therein, encountered barriers to access, and desires and intends to re-visit the Facility again, but is unable to do so until the barriers to access are remediated.

9. The barriers alleged in Paragraph 15, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

10. The removal of the alleged barriers can be accomplished without much difficulty or expense.

11. All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises is in the Southern District.

**FACTUAL ALLEGATIONS AND CLAIM**

12. Plaintiff has attempted to access the Facility to enjoy the goods and services offered therein but could not do so without substantial hardship due to his disability, which

requires him to ambulate in a wheelchair, and the significant barriers to access existing at the Facility.

13. Plaintiff intends to visit the Facility in the future to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited. His access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 15 below.

14. Defendants have discriminated against Plaintiff by denying him full access to the goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et. seq., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), will continue to discriminate against Plaintiff unless and until Defendants remove all physical barriers including those specifically set forth below.

15. Defendants have discriminated against Plaintiff by failing to remedy the ADA violations, which by their nature, affect Plaintiff and other wheelchair bound Plaintiffs. A specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the facility and to enjoy the goods and services offered therein, include the following:

  I. **The Entrance:**

  - The entrance is non-compliant, as the exterior side of the entrance door acts as a barrier to accessibility, and the slope of the floor surface at the exterior of the door is excessively sloped in violation of ADAAG 206, 206.2.1, 206.4, 402, 402.2, 403, 403.1, 403.2 and 403.3.
  - The required maneuvering clearance is not provided at the entrance door in violation of ADAAG 404.2.4.
  - There is a non-compliant change in floor level within the required maneuvering clearance at entrance door in violation of ADAAG 404.2.4.4.

  II. **Inaccessible Restrooms**

  There is no accessible restroom provided.

Restroom 1 (Women's Restroom):
- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- There is a non-compliant door swing of the door to the restroom which swings into the floor space of the fixtures in violation of ADAAG 603.3.3.
- The light switch is inaccessible as it is too high in violation of ADAAG 205.1, 308.2, 308.2.2 and 308.3.
- There is a non-compliant rise in the floor at the threshold of the entrance door in violation of ADAAG 404.2.5 and 304.4.
- The dual sinks are inaccessible as they do not provide the minimum knee and toe clearance, in violation of ADAAG 606.2 and 306.2.3, 306.2.5, 306.3, 306.3.3 and 306.3.5.
- The paper towel dispenser is mounted too high in violation of ADAAG 606.1, 308.2 and 308.3.
- The toilet compartments are inaccessible as the path of travel to reach them is too narrow in violation of ADAAG 402.1, 402.2, 403.1 and 403.5.1.
- The toilet compartments are inaccessible as the compartment doorways to reach the toilets are too narrow in violation of 404.2.3.
- The required maneuvering clearance at the doorway to the toilet compartments is not provided in violation of 404.2.4.
- The compartment doors swing into the compartment in violation of ADAAG 604.8.1.2.
- The toilets are inaccessible in that they do not provide the minimum clearance around the toilet in violation of ADAAG 604, 604.3 and 604.5.
- Required grab bars are not provided in violation of ADAAG 604.5.
- There are non-compliant doorknobs that require twisting in violation of ADAAG 404.2.7 and 309.4.
- The coat hook is mounted too high in violation of ADAAG 604.8.3, 308.2 and 308.3.

Restroom 2 (Men's Restroom):

- Signage is non-compliant with respect to height and location in violation of ADAAG 703.4.1 and 703.4.2.
- The required minimum maneuvering clearance is not provided at the door in violation of 404.2.4.
- The travel path to the fixture is inaccessible as it does not provide sufficient clear width in violation of ADAAG 402.2, 403.1 and 403.5.1.
- The required minimum turning space is not provided in violation of ADAAG 603.1, 603.2, 603.2.1 and 304.3.1.

- The sink is inaccessible as it does not provide the minimum clear floor space, in violation of ADAAG 606.2 and 305.3, nor does it provide the minimum knee and toe clearance in violation of ADAAG 606.2, 306.2 and 306.3.
- The paper towel dispenser and mirror above sink are mounted too high in violation of 606.1, 308.2, 308.3 and 603.3.
- The required clear floor space is not provided at the urinal in violation of ADAAG 605, 605.3 and 305.3.
- The toilet compartments are inaccessible as the compartment doorways to reach the toilets are too narrow in violation of 404.2.3.
- The required maneuvering clearance at the doorway to the toilet compartments is not provided in violation of 404.2.4.
- The compartment doors swing into the compartment in violation of ADAAG 604.8.1.2.
- The toilet compartments do not provide enough space in violation of ADAAG 604.8 and 604.8.1.1.
- Required grab bars are not provided in violation of ADAAG 604.5.
- The toilet is inaccessible in that it does not provide the minimum clearance around the toilet in violation of ADAAG 604.3.1.
- The position of the toilet paper dispenser is non-compliant in violation of ADAAG 604.7.

### III.  Parking

- Although a large parking lot is provided for patrons, it does not contain any accessible parking spaces, designated as such, with signage, discernable striping or any other accessible features in violation of ADAAG 208.

16.  The above listing may not include all the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility to determine all of the ADA violations.

17.  The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18.  Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until

Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

**19.** The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**20.** 20.. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

September 14, 2021                    Respectfully submitted,

 *s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer E. Tucek, PC
  *Attorney for Plaintiff*
Bar No. JT2817
315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com