Jennifer E. Tucek, Esq.
315 Madison Avenue, Suite 3054
New York, New York 10017
(917) 669-6991
TucekLaw@GMail.com

**Defendant Rugo LLC shall respond to Plaintiff's letter by June 23, 2022.**

June 20, 2022

SO ORDERED.

Date:   June 21, 2022
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

<u>Via ECF</u>
Hon. John P. Cronan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Javier Monge v. Johnny B's Realty LLC et al* (JPC) / 21-cv-7664

Dear Judge Cronan:

  I represent the plaintiff, Javier Monge, in the above-referenced matter. Plaintiff submits this letter motion seeking an Order compelling Defendant to provide discovery responses, or in the alternative, striking Defendant's defenses, including its readily achievable affirmative defense.

  This action was commenced for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C., Section 1281 et seq., (ADA) and 28 CFR, Part 36 (ADAAG). Plaintiff, who suffers from cerebral palsy and utilizes a wheelchair for mobility, alleges that he was discriminated against because of barriers to access which exist at Defendant's restaurant located at 555 City Island Avenue (hereinafter the "facility").   Plaintiff alleges he visited the facility and encountered barriers to access further described in Plaintiff's First Amended Complaint at Paragraph 15.

  In order to claim a violation of Title III of the ADA, a plaintiff must establish: (1) that he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.   *Roberts v. Royal Atl. Corp*., 542 F.3d 363, 368 (2d Cir. 2008). Discrimination under the ADA includes "failure to remove architectural barriers…where such

removal is readily achievable." 42 U.S.C. Section 12182(b)(2)(A)(iv).   Thus, Plaintiff has sought information from Defendant necessary to prove his *prima facie* case.

On April 26, 2022, Plaintiff served Defendant with his First Notice to Produce, a Notice of Inspection and a Notice of Deposition, as well as Plaintiff's Rule 26(a) Initial Disclosures. Defendant has not yet provided any responses.   Plaintiff wrote to Defendant on May 31, 2022, June 6 and June 13 advising that its responses were overdue and requesting that he contact me to discuss.   I also requested that Defendant provide its Initial Rule 26 disclosures.   Defendant has not responded.

In light of the above, Plaintiff seeks an order compelling Defendant to produce responses to Plaintiff's discovery demands including Defendant's financial information or striking its defenses, including its readily achievable affirmative defense. Thank you.

Respectfully submitted,

/s/Jennifer E. Tucek
Bar No. JT2609

## CERTIFICATION

Plaintiff certifies that on May 31, June 6 and June 13 and, the undersigned attempted to meet and confer on the discovery issues which are the subject of the above motion.

Respectfully submitted,

/s/ Jennifer E. Tucek
Jennifer E. Tucek